## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## EASTERN DIVISION

| | |
|---|---|
| NANCY L. BODDICKER, | |
| **Plaintiff,** | **No. C10-1018** |
| vs. | **RULING ON MOTIONS *IN LIMINE*** |
| AMERICAN HONDA MOTOR CO., INC., | |
| **Defendant.** | |

On the 2nd day of December 2011, this matter came on for telephonic hearing on the Motions *in limine* (docket number 45) filed by Plaintiff Nancy L. Boddicker ("Boddicker") on November 10, 2011, the Motions *in limine* (docket number 46) filed by Defendant American Honda Motor Co., Inc. ("American Honda") on the same date, and the Second Motion *in limine* (docket number 60) filed by the Plaintiff on November 23, 2011.  Plaintiff was represented by her attorney, John C. Wagner.  Defendant was represented by its attorneys, Kent B. Hanson and J. Michael Weston.

### I.  BODDICKER'S MOTION IN LIMINE

In her motion *in limine* Boddicker raises five issues:

### A.  Photographs of the Accident Site

Boddicker objects to American Honda offering photographs of the accident site which were not taken on the day of the accident.  Boddicker argues that photographs of the scene should be limited to those taken by police officers following the accident.  Boddicker offers no authority in support of her argument.  American Honda asserts that it "can easily lay foundation to show that the accident site has not changed in any material way."  Assuming the necessary foundation can be laid, the Court believes that the photographs are admissible. *Englund v. Younker Bros., Inc.*, 142 N.W.2d 530, 534 (Iowa

1966) ("Even substantial changes in the scene will not necessarily exclude a photograph where the changes can be explained.").

## B. Drawings of the Accident Site

Next, Boddicker objects to American Honda using a diagram of the accident site prepared by an engineer at Safety Engineering Associates, Inc. Boddicker argues, without citation to any authority, that the diagram is inadmissible because it was not prepared by "a licensed land surveyor." American Honda asserts that the drawings were prepared by its experts, who are "licensed professional engineers with substantial experience in accident reconstruction." According to American Honda, the drawings were prepared from "precise measurements taken with 'total station' equipment." Assuming American Honda can lay a proper foundation regarding the manner in which the drawings were prepared, the Court believes they are admissible.

## C. Ride-Through Videos of Accident Site

American Honda has produced a video of a motorcycle – identical to the one being used by Boddicker at the time of the accident – driving through the scene of the accident at 45, 55, and 65 miles per hour. The video shows the operation of the motorcycle with "constant throttle," "released throttle," and with the clutch "disengaged." Boddicker objects to the introduction of the "ride-through" video, arguing that it depicts "a professional motorcycle rider" driving "a brand new motorcycle that is a different motorcycle model as the one in this lawsuit."[1] Boddicker cites FEDERAL RULES OF CIVIL PROCEDURE 402 and 403, but otherwise does not provide the Court with any authority on this issue.

The admissibility of experimental evidence was recently summarized by the Eighth Circuit Court of Appeals, as follows:

---

[1] In its resistance, American Honda asserts that the motorcycle "was chosen because it was the exact same model and model year as plaintiff's motorcycle." *See* American Honda's Memorandum (docket number 49) at 4.

> Previously, we have explained that "experimental evidence falls on a spectrum and the foundational standard for its admissibility is determined by whether the evidence is closer to simulating the accident or to demonstrating abstract scientific principles." "In this case, like many others, the distinction between evidence offered as a reconstruction of the accident and evidence offered to demonstrate scientific principles is very difficult to draw. There is no bright line distinguishing these two categories of evidence." "'A court may properly admit experimental evidence if the tests were conducted under conditions *substantially similar* to the actual conditions.'" However, if "the experimental tests do not purport to recreate the accident, but instead the experiments are used to demonstrate only general scientific principles, the requirement of the substantially similar circumstances no longer applies."

*Dunn v. Nexgrill Industries, Inc.*, 636 F.3d 1049, 1055 (8th Cir. 2011) (quoting *McKnight v. Johnson Controls, Inc.*, 36 F.3d 1396 (8th Cir. 1994) (in turn quoting *Champeau v. Fruehauf Corp.*, 814 F.2d 1271 (8th Cir. 1987) (internal citations omitted).

While it is not entirely clear to the Court, American Honda's video recording is apparently intended to show that the curve where the accident occurred could be successfully negotiated without difficulty at various speeds and throttle conditions, and without downshifting to a lower gear. To the extent that the videotape is intended to demonstrate that a motorcycle can be ridden through the curve without crashing, it does not illustrate a "general scientific principle." Rather, it falls closer on the spectrum to simulating the accident. The circumstances, however, are not substantially similar. First, the operator of the motorcycle in the video recording is presumably more experienced than Boddicker was at the time of the accident. More importantly, Boddicker will apparently testify that she attempted to downshift immediately prior to the accident and the clutch malfunctioned. Obviously, this significant fact cannot be recreated in the video recording.

To the extent that the video recording is intended to show that the curve can be negotiated without downshifting to a lower gear, it is the Court's understanding that

3

Boddicker does *not* argue that it was necessary to downshift in order to navigate the curve in question. Rather, Boddicker argues that when she attempted to downshift, the clutch malfunctioned, thereby causing her accident.

If the Court correctly understands Boddicker's claim and the purpose of the video ride-through, then the evidence is irrelevant under RULE 402 and the danger that it will confuse the issues or mislead the jury substantially outweighs its probative value, pursuant to RULE 403. *See Randall v. Warnaco, Inc.*, 677 F.2d 1226, 1234 n.7 (8th Cir. 1982) ("Because of the highly persuasive nature of films, a trial judge must exercise great caution when ruling on the admission of films showing an experiment, to assure the jury will be enlightened, rather than misled."). However, *if* Boddicker asserts at the time of trial that the curve could not be successfully negotiated without downshifting, then the Court will reconsider its conclusion in this regard.[2] American Honda may not offer the ride-through video without first seeking and obtaining further approval of the Court.

### D. Exemplar Motorcycle and Clutch Parts

American Honda has acquired a motorcycle which is identical in all respects to the motorcycle involved in this accident, save its color. Boddicker objects to American Honda displaying the motorcycle to the jury, although the reasons for her objections are unclear. In fact, Boddicker apparently intends to display the actual motorcycle to the jury. Also, Boddicker apparently intends to display the clutch as part of her expert's testimony.

To assist the jury in understanding the testimony, the Court believes that Boddicker should be permitted to display the motorcycle and clutch. American Honda has no objection in that regard. It may be that during Boddicker's display of the motorcycle and

---

[2] In *Champeau v. Fruehauf Corp.*, 814 F.2d 1271 (8th Cir. 1987), the district court did not abuse its discretion by admitting into evidence a "videotaped experiment" showing that "if the driver of a tractor-trailer rig traveling thirty-five miles per hour took his foot off of the accelerator one-quarter mile from the curve that was the scene of the accident and never accelerated again, the rig would coast to a stop short of the curve." *Id.* at 1277. The evidence was admissible to rebut the plaintiff's testimony that he was traveling 35 miles per hour one-quarter mile from the start of the curve, and the accident occurred when his brakes failed.

clutch, American Honda will be able to elicit the testimony which it believes is necessary. If a further display of the motorcycle and clutch are necessary in American Honda's case, however, then the Court will permit the display of an exemplar, if an appropriate foundation is laid.

### E.  Plaintiff's Criminal Driving Citations

At the time of hearing, counsel for both parties agreed that American Honda will be permitted to offer evidence that Boddicker pleaded guilty to a traffic citation as a result of this accident.   American Honda agrees, however, that it will not offer evidence of Boddicker's prior driving record, if any.

## II.  AMERICAN HONDA'S MOTION IN LIMINE

American Honda's motion *in limine* raises two issues:

### A.  Undisclosed Expert Opinions

American Honda asks that Boddicker be prohibited from eliciting expert opinions from her liability expert or her medical expert, which were not previously disclosed in discovery. At the time of hearing, counsel agreed generally that an expert may only testify to those opinions previously disclosed. *Shuck v. CNH America, LLC*, 498 F.3d 868, 875 (8th Cir. 2007).  This issue does not easily lend itself, however,  to a pretrial order.  If a party believes that an opinion is being elicited at the time of trial which is substantially beyond the scope of the witness' opinions disclosed in discovery, then the Court will address an appropriate objection at that time.

### B.  Customer Complaints

Boddicker seeks to offer, as Exhibit 39, records maintained by American Honda regarding customer complaints.  The exhibit reflects calls and letters by Honda customers complaining of clutch problems, including noise, improper adjustment, and excessive wear.  American Honda argues that the complaints are inadmissible hearsay and largely irrelevant.

In their briefs, both parties cite *Olson v. Ford Motor Co.*, 410 F. Supp. 2d 855 (D.N.D. 2006). After a thorough discussion of the issues, the district court in *Olson* concluded that customer complaints are inadmissible hearsay. After first noting that "[o]ther jurisdictions have held that customer complaints, letters, or reports are generally not admissible because they constitute hearsay," the Court adopted the reasoning of the Supreme Court of Texas:

> Complaint letters in a manufacturer's files may be true, but they also may be accusatory and self-serving; they are rarely under oath and never subject to cross-examination. As they are necessarily out-of-court statements, they are hearsay if offered to prove the truth of the assertions therein – that the incidents complained of occurred as reported. While a compilation of such complaints by a manufacturer might constitute a business record that such claims were (or were not) received, they could not be a business record that such claims are true unless the employee making the record has personal knowledge of each. Thus, consumer complaints in a company's file are generally hearsay within hearsay, and require their own exception in addition to that for business records generally.

*Olson*, 410 F. Supp. 2d at 861 (quoting *Nissan Motor Co. v. Armstrong*, 145 S.W.3d 131 (Texas 2004)). For the reasons described in *Armstrong* and *Olson*, the Court concludes that Exhibit 39 is inadmissible hearsay. Even *if* the documents constitute business records, the complaints described on the documents are themselves hearsay. That is, none of the complainants have been identified as witnesses and, therefore, are unavailable for cross-examination regarding the truth of the allegations.

Moreover, the details of the complaints are generally unknown. That is, the jury would have no way of knowing whether the complainants' usage and experiences were similar to those of Boddicker. Accordingly, the Court finds that the probative value of the evidence is substantially outweighed by the potential for confusion or misleading the jury. FED. R. EVID. 403.

### III.  BODDICKER'S SECOND MOTION IN LIMINE

In her second motion *in limine*, Boddicker objects to American Honda calling two expert witnesses, asserting that their testimony will be duplicative.  American Honda's counsel assures the Court that while the experts apparently co-authored a report, the nature of their testimony will be different.  According to Defendant, Charles Buse will testify regarding the acquisition of data, while Kris Kubly will provide the principal expert testimony.

Boddicker's second motion *in limine* was untimely and, therefore, will be denied. If Defendant's experts' testimony becomes duplicative at trial, however, then Boddicker may make an appropriate objection at that time.

### IV.  ORDER

IT IS THEREFORE ORDERED that the parties' Motions *in Limine* (docket numbers 45, 46, and 60) are hereby **GRANTED** in part and **DENIED** in part, as set forth above.

DATED this 8th day of December, 2011.

JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA